Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email:  mtc@angstman.com

*Attorney for Trustee*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 17-01458-JMM |
| SHILOH MANAGEMENT SERVICES, INC. | |
| Debtor. | |
| _____ | |
| NOAH HILLEN, solely in his capacity as Chapter 7 Trustee for the above-referenced bankruptcy estate, | Adv. Case No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| SOVEREIGN GRACE FELLOWSHIP OF NAMPA, INC., an Idaho non-profit corporation; DOES 1-5, | |
| Defendant. | |

The Plaintiff, Noah G. Hillen ("Trustee" or "Plaintiff"), by and through his counsel of

record, ANGSTMAN JOHNSON, alleges as follows:

COMPLAINT – PAGE 1
Matter: 9812-106

## JURISDICTION, VENUE AND PARTIES

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157 and pursuant to the Rules of this Court, in that this action arises in and relates to the involuntary Chapter 7 Bankruptcy Case filed against Shiloh Management Services, Inc., the above-referenced Debtor (hereinafter referred to as "Shiloh" or the "Debtor") on November 1, 2017, (the "Petition Date"), as Bankruptcy Case No. 17-01458-JDP (the "Bankruptcy Case").

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H) and (O) and to the extent that it is determined to be a non-core proceeding that is otherwise related to this bankruptcy case, the non-core matters, if any, are so inextricably linked with core matters that this Court's exercise of jurisdiction is proper.  The Trustee expressly consents to this Court's entry of final decisions and orders in this matter.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

4.      The Plaintiff is the duly-appointed Chapter 7 Trustee pursuant to 11 U.S.C. §701.

5.      Defendant Sovereign Grace Fellowship of Nampa, Inc., (hereinafter "Sovereign Grace") is an Idaho non-profit corporation which has conducted business in the State of Idaho.

6.      Defendant DOES 1-5 are unknown individuals or entities that may have an interest in the subject matter of this adversary proceeding.  The Plaintiff reserves the right to amend this Complaint at such time as the identities of these defendants are discovered.

## GENERAL FACTUAL ALLEGATIONS

7.      Shiloh Management Services, Inc. ("Shiloh") is a corporation organized under the laws of the State of Idaho on or around March 18, 2008.

COMPLAINT – PAGE 2
Matter: 9812-106

8.      Shiloh Management Services, Inc. originally incorporated under the name, "Shiloh Investments Inc."  However, on December 4, 2013, Shiloh Investments Inc. amended its articles of incorporation and changed its name to "Shiloh Management Services, Inc."

9.      Shiloh failed to pay required tax payments to the Internal Revenue Service ("IRS") as evidenced by the IRS' proof of claim filed in the Bankruptcy Case (Claim 6).

## SPECIFIC TRANSFER ALLEGATIONS

10.      On various dates between March 12, 2015 and September 15 2017, Shiloh made payments to  Sovereign Grace totaling $78,900.00 as shown on Exhibit A attached to this Complaint.

11.      Each of the payments depicted on Exhibit A are referred to herein as the "Sovereign Grace Payments" or "Transfers".

12.      At the time each of the Sovereign Grace Payments were made, Shiloh did not owe any debts to Sovereign Grace.

13.      All of the Sovereign Grace Payments were made for, or on behalf of, individuals or entities other than Shiloh.

14.      Shiloh had or has no liability for the expenses or debts of the individuals and/or entities on whose behalf the Sovereign Grace Payments were made.

15.      Shiloh did not receive reasonably equivalent value in return for the Sovereign Grace Payments.

16.      After Shiloh made each of the Sovereign Grace Payments, it was or it became indebted to numerous unsecured creditors as evidenced by the numerous creditors who filed proofs of claim in the Bankruptcy Case.

COMPLAINT – PAGE 3
Matter: 9812-106

17.     On behalf of the bankruptcy estate, the Trustee's counsel previously made written demand on Sovereign Grace to return the Sovereign Grace Payments.  To date, none of the Sovereign Grace Payments have been returned to the Trustee.

## GENERAL FRAUDULENT TRANSFER ALLEGATIONS

18.     Shiloh, and by extension its creditors, did not receive reasonably equivalent value for the Transfers.

19.     The "value" for the Transfers, to the extent there was any, was provided to third-party individuals or entities – not Shiloh.

20.     Upon information and belief, Shiloh made the Transfers with the actual intent to hinder, delay or defraud its creditors.

21.     At the time of the Transfers, Shiloh was engaged in business for which its remaining assets were unreasonably small in relation to Shiloh's business and debts owed.

22.     At the time of the Transfers, Shiloh reasonably believed or should have believed that it would incur debts beyond its ability to pay as such debts became due.

## CLAIM ONE

## AVOIDANCE OF FRAUDULENT TRANSFERS
## (11 U.S.C. §544(b)(1) and 28 U.S.C. §3304)

23.     The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

24.     During the six (6) years preceding the Petition Date, Shiloh transferred an amount according to proof, but no less than $78,900.00 to Sovereign Grace for payment of debts for which Shiloh had no liability.

COMPLAINT – PAGE 4
Matter: 9812-106

25.     Alternatively, during the six (6) years preceding the Petition Date, Shiloh transferred an amount according to proof, but no less than $78,900.00 to Sovereign Grace not on behalf of debts owed, but simply as a transfer of assets.

26.     At the time the Transfers were made, or thereafter, the IRS was (or later became) a creditor of Shiloh.

27.     The IRS is a creditor holding an allowable unsecured claim against Shiloh that would have a right under applicable nonbankruptcy law to avoid the Transfers.

28.     The Transfers are avoidable pursuant to 11 U.S.C. §544(b)(1) and 28 U.S.C. §3304(a)(1) and (b)(1).

29.     Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the Transfers from Sovereign Grace as the initial transferee or the entity on whose behalf the Transfers were made.

30.     Pursuant to 11 U.S.C. §550(a)(2) the Trustee may recover the Transfers from Does 1 through 5 as the immediate transferees of the initial transferee, Sovereign Grace.

## CLAIM TWO

### AVOIDANCE OF FRAUDULENT TRANSFERS
### (11 U.S.C. §544(b)(1) and Idaho Code §55-913)

31.     The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

32.     During the four (4) years preceding the Petition Date, Shiloh transferred an amount according to proof, but no less than $78,900.00 to Sovereign Grace.

33.     After Shiloh made each of the Sovereign Grace Payments, it was or it became indebted to numerous unsecured creditors as evidenced by the numerous creditors who filed proofs of claim in the Bankruptcy Case.

COMPLAINT – PAGE 5
Matter: 9812-106

34.     After Shiloh made each of the Sovereign Grace Payments, any of Shiloh's unsecured creditors that would have a right under applicable nonbankruptcy law to avoid the Transfers could have pursued a claim against Shiloh under Idaho Code Ann. § 55-913 because:

    a. On information and belief, Shiloh made the Transfers with the actual intent to hinder, delay or defraud its creditors;

    b. Alternatively,  Shiloh did not receive reasonably equivalent value in return for the Sovereign Grace Payments.  The Sovereign Grace Payments were donations to Sovereign Grace which benefitted a party or parties other than Shiloh.

    c. At the time of the Transfers, Shiloh was engaged in business for which its remaining assets were unreasonably small in relation to Shiloh's business and debts owed.

    d. Alternatively, at the time of the Transfers, Shiloh reasonably believed or should have believed that it would incur debts beyond its ability to pay as such debts became due.

35.     At the time the Transfers were made, or thereafter, American Express was (or later became) a creditor of Shiloh.

36.     American Express was, or would have been, a creditor holding an allowable unsecured claim.

37.     The Transfers during the four (4) years preceding the Petition Date are avoidable pursuant to 11 U.S.C. §544(b)(1) and Idaho Code §55-913.

38.     Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the Transfers from Sovereign Grace as the initial transferee or the entity on whose behalf the Transfers were made.

39.     Pursuant to 11 U.S.C. §550(a)(2) the Trustee may recover the Transfers from Does 1 through 5 as the immediate transferees of the initial transferee, Sovereign Grace.

COMPLAINT – PAGE 6
Matter: 9812-106

## CLAIM THREE

## AVOIDANCE OF FRAUDULENT TRANSFERS

## (11 U.S.C. §548(a)(1))

40.    The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

41.    During the two (2) years preceding the Petition Date, Shiloh transferred an amount according to proof, but no less than $57,900.00 to Sovereign Grace (the "548 Transfers") as shown on Exhibit A attached to this Complaint.

42.    Upon information and belief, Shiloh made the 548 Transfers with the actual intent to hinder, delay or defraud its creditors.

43.    Alternatively, Shiloh did not receive reasonably equivalent value in return for the 548 Transfers.  The 548 Transfers benefitted a party or parties other than Shiloh.

44.    At the time each of the 548 Transfers were made, (a) Shiloh was insolvent, or became insolvent as a result of the 548 Transfers; (b) Shiloh was engaged in business (or about to engage in business) for which its remaining assets were unreasonably small in relation to Shiloh's business and debts owed; or (c) Shiloh reasonably believed or should have believed that it would incur debts beyond its ability to pay as such debts became due.

45.    The 548 Transfers are fraudulent and are avoidable by the Trustee pursuant to 11 U.S.C. §548.

46.    Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the Transfers from Sovereign Grace as the initial transferee or the entity on whose behalf the Transfers were made.

47.    Pursuant to 11 U.S.C. §550(a)(2) the Trustee may recover the Transfers from Does 1 through 5 as the immediate transferees of the initial transferee, Sovereign Grace.

COMPLAINT – PAGE 7
Matter: 9812-106

**COSTS, ATTORNEY FEES, AND OTHER RELIEF**

48.     The Trustee is entitled to recover from Sovereign Grace the costs and expenses incurred in connection with bringing this adversary proceeding, including all reasonable attorney's fees as well as any other relief, legal or equitable, pursuant to applicable state law as the Court determines is appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee prays for judgment against Sovereign Grace as follows:

1.     On Claim One, for an order avoiding the Transfers and awarding a money judgment against Sovereign Grace and Does 1-5, jointly and severally, in an amount according to proof, but no less than $78,900.00.

2.     On Claim Two, for an order avoiding the Transfers and awarding a money judgment against Sovereign Grace and Does 1-5, jointly and severally, in an amount according to proof, but no less than $78,900.00.

3.     On Claim Three, for an order avoiding the 548 Transfers and awarding a money judgment against Sovereign Grace and Does 1-5, jointly and severally, in an amount according to proof, but no less than $57,900.00.

4.     For an award of costs and expenses, including attorney's fees, associated with bringing and prosecuting this adversary proceeding.  In the event of a default judgment, an award of attorney's fees in the amount of $5,000.00 is reasonable.

5.     For such other and further relied as the Court deems just and equitable.

DATED this 22nd day of November, 2019.

_____/s/ Matt Christensen_____
MATTHEW T. CHRISTENSEN
Attorney for Trustee

COMPLAINT – PAGE 8
Matter: 9812-106

| EXHIBIT A | | | | |
|---|---|---|---|---|
| **CHASE** | | | | |
| | | | 3/12/2015 | $4,000.00 |
| | | | 3/29/2015 | $2,000.00 |
| | | | 4/4/2015 | $2,000.00 |
| | | | 6/5/2015 | $1,000.00 |
| | | | 6/25/2015 | $1,000.00 |
| | | | 8/23/2015 | $1,000.00 |
| | | | 9/3/2015 | $3,000.00 |
| | | | 9/25/2015 | $1,000.00 |
| | | | 10/11/2015 | $1,000.00 |
| | | | 11/14/2015 | $4,000.00 |
| | | | 1/4/2016 | $6,500.00 |
| | | | 2/28/2016 | $1,000.00 |
| | | | 3/19/2016 | $1,500.00 |
| | | | 4/3/2016 | $3,000.00 |
| | | | 5/13/2016 | $1,000.00 |
| | | | 6/10/2016 | $3,000.00 |
| | | | 6/25/2016 | $7,400.00 |
| | | | 7/15/2016 | $8,000.00 |
| | | | 9/3/2016 | $1,000.00 |
| | | | 9/11/2016 | $1,000.00 |
| | | | 9/22/2016 | $1,000.00 |
| | | | 10/6/2016 | $1,000.00 |
| | | | 10/16/2017 | $1,000.00 |
| | | | 11/6/2016 | $1,800.00 |
| | | | 12/9/2016 | $1,000.00 |
| | | | 1/28/2017 | $3,500.00 |
| | | | | |
| **ICON** | | | | |
| | | | 3/15/2015 | $2,000.00 |
| | | | 5/8/2015 | $2,000.00 |
| | | | 8/2/2015 | $1,000.00 |
| | | | 2/7/2016 | $2,000.00 |
| | | | 8/25/2016 | $2,000.00 |
| | | | 2/10/2017 | $1,000.00 |
| | | | 4/2/2017 | $1,000.00 |
| | | | 4/30/2017 | $2,000.00 |
| | | | 7/21/2017 | $1,000.00 |
| | | | 8/20/2017 | $1,200.00 |
| | | | 9/20/2017 | $1,000.00 |
| | | | | **$78,900.00** |