# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**Shiloh Management Services, Inc.,**<br><br>    Debtor. | **Case No. 17-01458-JMM** |
| **Noah Hillen,**<br><br>    Plaintiff,<br><br>vs.<br><br>**Sovereign Grace Fellowship of Nampa, Inc.,**<br><br>    Defendant. | **Adv. No. 19-6067-JMM** |

## PRETRIAL ORDER AND NOTICE OF TRIAL
_____

On the 3rd day of February 2020, a telephonic Pretrial Conference was conducted by the Court in which the following parties participated:

Matthew Christensen, Boise, Idaho, Attorney for Plaintiff.

Alex Caval, Twin Falls, Idaho, Attorney for Defendants.

Based upon the results of said Pretrial Conference, the Court for good cause hereby ORDERS as follows:

1.    Any and all discovery shall be completed no later than **July 3, 2020.**

2.      Based upon a review of the pleadings and the allegations of the parties contained therein, and as authorized by FED. R. CIV. P. 26, as incorporated by FED. R. BANKR. P. 7026, the Court hereby orders that the provisions of Rule 26(a)(1)-(3), the first sentence of Rule 26(d), and Rule 26(f) of the Federal Rules of Civil Procedure (and those provisions of Rule 16 and 30-37 referring thereto) shall not apply in this adversary proceeding.

3.      Any and all requests for amendments to the pleadings or to join additional parties in the action, if allowed, shall be filed not later than **TWENTY-EIGHT (28) DAYS** from the date hereof.

4.      Each and every party, though counsel and during pretrial conference, expressly consented to this Court exercising jurisdiction under 28 U.S.C. §§ 1334 and 157 as to core matters and, further, expressly consented to this Court entering final orders and judgments in this litigation, subject only to appellate review under 28 U.S.C. § 158, on all matters that are or may be argued to be non-core or that, if statutorily core, are or may be argued to be outside the Constitutional authority of this Court.

5.      Any and all pretrial motions, including any motions for continuances, must be filed and a hearing held before the court in accordance with the Bankruptcy Rules on or before **August 14, 2020**.  Continuances will not be granted unless extraordinary cause is shown.

6.      The parties shall comply with the Court's Order Regarding Exhibits and Witness lists attached hereto.

7.      Each party shall file a short pretrial memorandum with the Court at least

**SEVEN (7) DAYS** prior to the trial date containing a brief description of the issues of

fact and/or law, the parties' theories of the case, and a discussion of applicable authorities

for such positions.

8.      Trial of this matter has been set for **October 6-7, 2020, at 9:00 a.m.** at the

U.S. Bankruptcy Court, Federal Building & U. S. Courthouse, 550 W. Fort Street, Boise,

Idaho.

DATED:  February 5, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

## ORDER REGARDING EXHIBITS AND WITNESS LISTS

The following provisions govern all documentary exhibits to be used in the trial of the adversary proceeding, and identification of all witnesses that may be called, except exhibits used solely for purposes of impeachment or rebuttal, and witnesses called solely for rebuttal.

(a)   Marking, exchanging, and providing exhibits

(1)   Each party shall identify a proposed documentary exhibit by marking it, if practicable, in the lower right-hand corner of its first page.  Unless there are more than two parties, the plaintiff shall identify exhibits by consecutive number starting with 100 (100, 101, 102, 103, etc.), and the defendant shall identify exhibits by consecutive number starting with 200 (200, 201, 202, 203, etc.).

(A)   If there are more than two parties, or if parties anticipate a number of exhibits greater than this protocol will accommodate, the parties shall address that matter with the courtroom deputy and comply with such orders as the Court may enter as to exhibit identification and numbering.  Ordinarily subsequent number ranges (300, 301, 302, 303, etc.; 400, 401, 402, 403, etc.) will be assigned to the additional parties.

(2)   Any party intending to offer an exhibit in evidence shall provide pre-marked copies thereof to opposing parties, and provide the original and one copy to the courtroom deputy, no later than seven (7) days prior to the scheduled commencement of trial unless otherwise ordered by the Court.  Failure to do so may be grounds for not admitting an exhibit in evidence.

(3)   Where a party intends to offer ten (10) or more exhibits, that party shall place its pre-marked exhibits in tabbed binders prior to exchanging exhibits with other parties and providing them to the courtroom deputy.

(b)   Identification and disclosure of witnesses

(1)   Each party shall disclose the names and addresses of all witnesses proposed to be called at trial, except for rebuttal witnesses.  Such witness lists shall be provided to opposing parties and the courtroom deputy no later than seven (7) days prior to the scheduled commencement of trial unless otherwise ordered by the Court.  Failure to do so may be grounds for not allowing the testimony of a witness.

(2)   Parties designating a witness shall have the responsibility, subject to the Bankruptcy Rules, of assuring the presence of the witness at trial.

(c)   Discretion of the Court.

Notwithstanding the foregoing, the Court may enter such orders concerning exhibits or witness lists as may be necessary or appropriate, including modification or waiver of the requirements of this Order.

**BY ORDER OF THE COURT**

**BANKRUPTCY COURT**

EXHIBIT LIST

**SUBMITTED BY: _____**

| CASE NAME: | COURT DATE: | CASE NUMBER: |
|---|---|---|
| **Plaintiff:**<br><br>**Plaintiff=s Counsel:**<br><br><br>**Exhibit Nos._____** | **Defendant:**<br><br>**Defendant=s Counsel:**<br><br><br>**Exhibit Nos._____** | |
| **PRESIDING JUDGE:** | | |

| EXHIBITS | | | DESCRIPTION |
|---|---|---|---|
| **Nos.** | **Date** | **Admitted** | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |